JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05786-RGK-RAO | Date | November 12, 2015 |
|---|---|---|---|
| Title | *Chriselda Chew v. Taher, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Sharon L. Williams (Not Present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) Order re: Remanding of Action to State Court

On April 28, 2015, Chriselda Chew ("Plaintiff") filed a complaint against Taher, Inc. ("Defendant") alleging claims for: (1) failure to pay overtime; (2) failure to provide itemized wage statements; (3) failure to provide meal and rest periods; and (4) unfair competition.

On July 30, 2015, Defendant filed a Notice of Removal of Action to this Court alleging jurisdiction on the grounds of diversity citizenship. Upon review of the Notice of Removal, and for the following reasons, the Court remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). If the complaint does not allege that the amount in controversy has been met, the removing defendant must supply this jurisdictional fact in the Notice of Removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

The complaint does not allege that the amount in controversy has been met. Defendant claims that the amount in controversy requirement is satisfied because Plaintiff's transmittal of a settlement demand of $90,000 to resolve the case is sufficient evidence that the amount in controversy exceeds $75,000. Defendant also claims that if Plaintiff is successful at trial, she could be entitled to an award of attorneys' fees that alone are more likely than not to exceed $75,000.

"A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Even if a settlement demand is imprecise, it may still indicate that the amount in controversy exceeds the jurisdictional minimum if it is sufficiently supported by a fair reading of the complaint. *See Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007).

Although Plaintiff transmitted a settlement letter offering to settle the dispute for $90,000, the Court finds Defendant's claim insufficient. Specifically, a fair reading of the complaint does not support a finding that the jurisdictional minimum is met. Further, Defendant's estimation that attorneys' fees will exceed $75,000 is too speculative to show this jurisdictional fact by a preponderance of the evidence.

Accordingly, Defendant has failed to satisfy its burden that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

        **:**        

**Initials of Preparer**